**O**

# United States District Court
# Central District of California

LUIS MARQUEZ,

               Plaintiffs,

    v.

HAYRAPT GREGORIAN, et al.,
ZIBA GREGORIAN, et al.,

               Defendants.

Case № 2:20-CV-05589-ODW (GJSx)

**ORDER GRANTING MOTION TO DISMISS [17]**

## I.      INTRODUCTION

Now pending before the Court is Defendants Hayrapt Gregorian and Ziba Gregorian's Motion to Dismiss Plaintiff Luis Marquez's Complaint alleging Defendants violated the Americans with Disabilities Act ("ADA").  (Mot. to Dismiss ("Motion" or "Mot."), ECF No. 17.)  Marquez opposes the Motion.  (Opp'n to Mot. (Opp'n"), ECF No. 27.)  For the reasons below, the Court **GRANTS** the Motion.[1]

## II.      BACKGROUND

Marquez is a paraplegic who uses a wheelchair for mobility.  (Compl. ¶ 1, ECF No. 1.)   Defendants own the real property located at 10530 Carmenita Road in

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Whittier, California.  (*Id.* ¶ 3.)  In February 2020, Marquez went "to the property to shop at Top Tires . . . with the intention to avail himself of its good[s] or services and to assess the business for compliance with the disability access laws."  (*Id.* ¶ 8.)  Top Tires is a business establishment open to the public and a place of public accommodation.  (*Id.* ¶ 9.)  On the date Marquez visited Top Tires, Defendants "failed to provide wheelchair accessible sales counters in conformance with the ADA Standards."  (*Id.* ¶ 10.)  As a wheelchair user, Marquez "personally encountered these barriers," which "relate to and impact [his] disability."  (*Id.* ¶¶ 12–13.)  Marquez alleges that he "will return to Top Tires [to] avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that Top Tires and its facilities are accessible."  (*Id.* ¶ 17.)  However, Marquez is "currently deterred from doing so because of his knowledge of the existing barriers."  (*Id.*)

Based on these allegations, Marquez sued Defendants for violating the ADA.[2]  (*Id.* ¶¶ 19–25.)  Defendants move to dismiss Marquez's Complaint for lack of standing and failure to state a claim.  (Mot. 1.)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(1) allows a defendant to seek dismissal of a complaint for lack of subject matter jurisdiction.  A defendant may bring a Rule 12(b)(1) motion to dismiss based on a lack of standing.  *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under [Rule] 12(b)(1), not Rule 12(b)(6).").  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 1242).  A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face

---

[2] Marquez also asserted a claim for violation of the California Unruh Civil Rights Act (*id.* ¶¶ 26–29), which the Court dismissed after declining to exercise supplemental jurisdiction (Order Dismiss, ECF No. 26).

to invoke federal jurisdiction." *Id.* "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a 12(b)(6) motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly

denied . . . if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.      DISCUSSION

Defendants move to dismiss Marquez's Complaint for lack of standing and failure to state a claim.  (Mot. 1.)[3]  The Court addresses each issue in turn.

### A.    Standing

Defendants contend Marquez lacks standing to seek injunctive relief under the ADA because he fails to sufficiently allege that he suffered an injury-in-fact based on either deterrence or an intent to return to Top Tires.  (*See* Mot. 11–12, 15–16.)

"The 'irreducible constitutional minimum of standing' includes three elements: (1) injury in fact; (2) causation; and (3) redressability."  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  Courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act.'"  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008)).

An ADA plaintiff suffers an injury-in-fact when he encounters a barrier at a place of public accommodation "that deprives him of full and equal enjoyment of the facility due to his particular disability."  *Id.* at 944, 949; *Whitaker v. Tesla Motors, Inc.*, --- F.3d ---, 2021 WL 235777, at *5 (9th Cir. Jan. 25, 2021) (applying *Chapman* to find standing based on wheelchair-user plaintiff's alleged encounter with inaccessible service counters).  He can establish standing to sue to remove such

---

[3] Defendants improperly attach exhibits to the Motion, rather than to a supporting declaration, and fail to properly identify the exhibits.  (*See* ECF No. 17-1–17-3).  Defendants' counsel also filed an untimely declaration and attached an illegible document as an exhibit.  (*See* Decl. of Michele A. Dobson Ex. A, ECF No. 25-1.)  The Court declines to consider Defendants' improperly submitted exhibits or Dobson's declaration, as they all fail to comply with the Local Rules of this Court.  *See* C.D. Cal. L.R. 7-6, 7-12, 11-3, 11-5.  The Court also **DENIES** Defendants' Request for Judicial Notice of other cases filed by Marquez's counsel, Center for Disability Access, because they are irrelevant to the disposition of this Motion.  (*See* Mot. 11.)

barriers by demonstrating either: (1) deterrence, or (2) an injury-in-fact coupled with an intent to return. *Chapman*, 631 F.3d at 949, 953. A plaintiff may establish deterrence where he has actual knowledge "of discriminatory conditions . . . at a public accommodation, and is . . . deterred from visiting or patronizing that accommodation." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136–37 (9th Cir. 2002); *Chapman*, 631 F.3d at 950, 953.

In *Whitaker v. Tesla Motors, Inc.*, the Ninth Circuit recently reaffirmed this standard. 2021 WL 235777, at *5. The court in *Whitaker* found the plaintiff had standing where he "allege[d] that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning." *Id.*

As in *Whitaker*, Marquez's allegations here are sufficient to establish standing based on deterrence. Marquez alleges that he uses a wheelchair for mobility, (Compl. ¶ 1), he visited Top Tires, (*id.* ¶ 8), he personally encountered a barrier related to his disability—wheelchair inaccessible sales counters, (*id.* ¶¶ 10–12), and his knowledge of the existing barriers deters him from returning, (*id.* ¶ 17). "These allegations are sufficient to establish injury-in-fact for purposes of standing." *Whitaker*, 2021 WL 235777, at *5 (citing *Chapman*, 631 F.3d at 954). Accordingly, Marquez sufficiently alleges standing under the ADA.[4]

## B.   Failure to State a Claim under Rule 12(b)(6)

Defendants also move to dismiss Marquez's Complaint under Rule 12(b)(6) for failure to state a claim. (Mot. 1, 14.) Specifically, Defendants argue that "[t]he Complaint does not allege what was deficient about the City of Whittier's customer parking . . . [and] does not . . . allege that the parking is within the scope and control of [Defendants]." (Mot. 14.) Defendants are correct, but only because Marquez

---

[4] As Marquez sufficiently alleges standing based on deterrence, the Court need not reach the question of his alleged intent to return.

asserts a claim based on *inaccessible sales counters*, not inaccessible parking.  (*See* Compl. ¶ 11; Opp'n 1 ("[T]his case has nothing to do with [customer] parking" but relates to "the lack of an accessible wheelchair *sales counter*.").)  Nevertheless, the Court finds Marquez fails to state a claim for inaccessible sales counters because the Complaint does not allege what was deficient about the sales counters or that Defendants own, lease, or operate Top Tires.

To prevail on an ADA claim, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Additionally, to succeed on an ADA barrier discrimination claim, a plaintiff must show that: (1) defendant's existing facility "presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014).

The Ninth Circuit recently reaffirmed that the *Twombly*/*Iqbal* plausibility pleading standard applies equally in ADA architectural barrier cases such as this one. *Whitaker*, 2021 WL 235777, at *1, 3 ("Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that plausibly give rise to an entitlement to relief." (citations omitted)).  In *Whitaker*, the plaintiff alleged the defendants "failed to provide accessible service counters," that plaintiff "'personally encountered' the inaccessible service counters," and that "he was denied 'full and equal access.'"  *Id.* The court found these allegations insufficient to state a claim, as they "primarily recited legal conclusions," which did "little more than recite the elements of an ADA claim, and [fell] short of putting [the defendant] on notice of how the counters prevented [the plaintiff] from full and equal access."  *Id.*

Here, Marquez alleges nothing more than what was alleged in *Whitaker*, and thus Marquez's claim for inaccessible sales counters fails for the same reasons.

Marquez alleges Defendants "failed to provide wheelchair accessible sales counters," that he "personally encountered these barriers," and that he was "denied . . . full and equal access." (Compl. ¶¶ 10, 12, 13.) But he does not allege "*how* the service counters denied [him] full and equal enjoyment of the premises." *Whitaker*, 2021 WL 235777, at *3 (emphasis added) ("Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and [defendant] were left in the dark . . . ."). Thus, as in *Whitaker*, Marquez's allegations "do little more than recite the elements of an ADA claim, and fall short of putting [Defendants] on notice of how the counters prevent [Marquez] from full and equal access." *Id.* Marquez fails to state a claim for violation of the ADA.

Further, Marquez's claim fails for the additional reason that he does not allege Defendants own, lease, or operate Top Tires, the location of the barriers in question. *Molski*, 481 F.3d at 730; (*see generally* Compl.). Marquez alleges Defendants "own the real property located at or about 10530 Carmenita Rd., Whittier, California." (Compl. ¶ 3.) He also alleges that he "went to the property to shop at Top Tires." (*Id.* ¶ 8.) However, nothing in the Complaint provides that the "property" Marquez visited is the same "real property" that Defendants allegedly own in Whittier, that Top Tires is located on Defendants' real property, or that Defendants own, lease, or operate the business establishment Top Tires. (*See generally* Compl.) For this additional reason, Marquez fails to state a claim for violation of the ADA.

Accordingly, the Court **DISMISSES** Marquez's Complaint. As the Court does not find that amendment would be futile, leave to amend is appropriate.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss **with leave to amend**. (ECF No. 17.) Marquez may file an amended complaint addressing the deficiencies identified herein within fourteen days of the date of this Order. If Marquez timely files an amended complaint, Defendants must

file their response(s) in accordance with Rule 15(a)(3).  Failure by Marquez to timely amend will result in dismissal with prejudice and closing of this case.

**IT IS SO ORDERED.**

February 16, 2021

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**